**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NUTRIEN AG SOLUTIONS, INC.,**

**Plaintiff/Counterdefendant,**

**v.**

**FLYING H FARMS, LLC, and**
**KELLY HILLS HOLDINGS, LLC,**

**Defendants/Counterclaimants.**

**Case No. 25-2578-DDC-BGS**

**MEMORANDUM AND ORDER**

Plaintiff Nutrien Ag Solutions, Inc. entered into an agreement to lease property from defendant Flying H Farms, LLC in Seneca, Kansas, for ten years. After executing the lease, Flying H transferred title to the property to defendant Kelly Hills Holdings, LLC ("KHH") but remained the landlord. Nearly three years into the agreement, Flying H terminated the lease, citing Nutrien's failure to follow environmental laws. But Nutrien continues to occupy the land. As the parties' relationship soured, Nutrien filed this suit against Flying H and KHH. Flying H and KHH then counterclaimed, asserting four claims of their own.

Before the court is Nutrien's Partial Motion to Dismiss (Doc. 34) KHH's counterclaim for unjust enrichment. The court denies Nutrien's motion. It explains this result, below, starting with the pertinent factual background and the governing legal standard.

## I. Background

At the motion-to-dismiss stage, the court accepts the counterclaim's well-pleaded allegations as true and construes them in the light most favorable to Flying H and KHH. *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1267 (10th Cir. 2003).

In October 2022, Nutrien entered into an agreement to lease land from Flying H in Seneca, Kansas. Doc. 26 at 9. The lease requires Nutrien, among other duties, to comply with environmental laws. *Id.* at 10. In July 2025, Flying H sent Nutrien written notice of default for violating environmental laws. *Id.* at 12. One month later, Flying H sent Nutrien a second notice of default for violating environmental laws. *Id.* Flying H and KHH assert that Nutrien's conduct constitutes a breach of the lease and provides grounds for eviction. *Id.* Flying H then allegedly terminated the lease, but Nutrien continues to possess the land. *Id.* at 5.

KHH asserts three claims: (1) trespass; (2) waste; and (3) unjust enrichment. *Id.* at 16–19.[1] Relevant to this Order, the trespass claim alleges that Nutrien trespassed by unlawfully occupying the land after Flying H terminated the lease and demanded that Nutrien vacate. *Id.* at 16–18. And KHH's unjust-enrichment claim asserts that Nutrien accrued a wrongful benefit by unlawfully occupying and using the land. *Id.* at 19.

## II. Legal Standard

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S.

[1] Separately, Flying H asserts a breach-of-contract claim. Doc. 26 at 15–16. It's not relevant to this Order.

at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law.").

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. Analysis[2]

Nutrien moves to dismiss KHH's unjust-enrichment claim because, Nutrien asserts, it's duplicative of KHH's trespass claim. Doc. 34 at 1. Nutrien relies on the principle that an unjust-enrichment claim isn't available when a contract governs the parties' dealings. *Id.* at 4–6 (citing *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1038–39 (D. Kan. 2018)). And Nutrien asks the court to stretch this logic and hold KHH's unjust-enrichment claim is duplicative of its trespass claim. *Id.* At least at this early stage of this case, the court declines Nutrien's invitation.

[2] Based on the parties' motion-to-dismiss briefing, all seem to agree that Kansas law governs this action. "The Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim." *Nordwald v. Brightlink Commc'ns, LLC*, 603 F. Supp. 3d 1030, 1040 (D. Kan. 2022) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Where, as here, "a party fails to make 'a clear showing that another state's law should apply,' Kansas choice of law principles require a court to default to Kansas substantive law." *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 982 (10th Cir. 2014) (quoting *In re K.M.H.*, 169 P.3d 1025, 1032 (Kan. 2007)). The court thus applies Kansas law.

Start with some governing principles. "'Federal courts have dismissed claims pursuant to Fed. R. Civ. Pro. 12(b)(6) when those claims are duplicative of other claims in the suit.'" *Doe ex rel. Doe v. Brighton Sch. Dist.*, 612 F. Supp. 3d 1205, 1218 (D. Colo. 2020) (brackets omitted) (quoting *Sw. Re, Inc. v. G.B. Invs. Reinsurance Co., Ltd.*, 2011 WL 13114921, at *1 (D.N.M. June 17, 2011) (collecting cases)); *see also* Fed. R. Civ. P. 12(f) (authorizing the court to strike any "redundant" matter from a pleading). Our court has employed this rule to dismiss unjust-enrichment claims when the parties stipulated that a valid contract governed their dispute. *E.g.*, *Swimwear Sol.*, 309 F. Supp. 3d at 1038–39; *Fusion, Inc. v. Neb. Aluminum Castings, Inc.*, 934 F. Supp. 1270, 1275 (D. Kan. 1996). This result makes sense, our court has explained, because an unjust-enrichment claim is "not available . . . when a valid, written contract addressing the issue exists." *Ice Corp. v. Hamilton Sundstrand, Inc.*, 444 F. Supp. 2d 1165, 1170 (D. Kan. 2006) (quotation cleaned up). Seizing on this authority, Nutrien argues that an unjust-enrichment claim isn't available when it rests on the same facts supporting a trespass claim.

The fundamental problem with Nutrien's argument is that the Federal Rules of Civil Procedure sanction pleading alternative claims. *See* Fed. R. Civ. P. 8(a)(3) (authorizing a party to plead "relief in the alternative or different types of relief"); *see also* Fed. R. Civ. P. 8(d)(2) (allowing a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically"). To be sure, Kansas law prevents a party from securing "duplicate recovery for the same injury by asserting different legal theories." *Kinchion v. Cessna Aircraft Co.*, 2013 WL 66077, at *7 (D. Kan Jan. 4, 2013). And this rule might prevent KHH from recovering damages for its trespass claim and unjust-enrichment claim—if indeed those claims seek the same damages. *See Beck v. N. Nat. Gas Co.*, 170 F.3d 1018, 1024 (10th Cir. 1999) (applying Kansas law and holding that plaintiffs could recover just once for trespass and unjust-enrichment claims

predicated on the same facts). But the court needn't decide that issue yet. Indeed, *Beck* was an appeal after a jury verdict. *Id.* at 1020–21. As our court routinely has recognized, the rule against duplicative recovery doesn't prevent alternative pleading at the outset of litigation. *E.g.*, *Vance v. Vance*, 2023 WL 5929461, at *22 (D. Kan. Sep. 12, 2023); *Pipeline Prods., Inc. v. Madison Cos.*, 2020 WL 108671, at *7 n.11 (D. Kan. Jan. 9, 2020).

What's more, the contract cases on which Nutrien relies are distinguishable. In those cases, our court dismissed unjust-enrichment claims only where the parties didn't dispute that a valid and binding contract governed their dealings. *E.g.*, *Swimwear Sol.*, 309 F. Supp. 3d at 1038–39; *Fusion*, 934 F. Supp. at 1275. In analogous cases, where parties disputed a contract's validity, our court has declined to dismiss an unjust-enrichment claim as duplicative. *Ice Corp.*, 444 F. Supp. 2d at 1171 (declining to dismiss unjust-enrichment claim "until it is clear that the [contract] is a valid and enforceable contract").

This distinction counsels against dismissing KHH's unjust-enrichment claim. Nutrien hasn't stipulated to trespassing. So, at this early stage, it's not clear that KHH's trespass claim will subsume its unjust-enrichment claim. If, for instance, Nutrien proves that KHH consented to Nutrien's continued occupation, the trespass claim might fail. *See Armstrong v. Bromley Quarry & Asphalt, Inc.*, 378 P.3d 1090, 1095 (Kan. 2016) (explaining that ordinarily trespass requires entry "without any right, lawful authority, or express or implied invitation or license"). In that scenario, KHH nevertheless might succeed on its unjust-enrichment claim if Nutrien occupied the land, derived a benefit, and didn't pay rent. *See Haz-Mat Response v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 847 (Kan. 1996) (explaining that unjust-enrichment claim requires: (1) a benefit conferred on defendant from plaintiff; (2) appreciation of the benefit by defendant; and (3) circumstances that make it inequitable for defendant to retain the benefit

without payment). Because it's conceivable that KHH could prevail on its unjust-enrichment claim even if it doesn't prevail on its trespass claim, dismissing the unjust-enrichment claim is premature.

More to the point, binding law appears to foreclose Nutrien's position. Our Circuit, applying Kansas law, has upheld a jury's verdict finding for a plaintiff's trespass claim and unjust-enrichment claim—even where the two claims rested on essentially identical facts. *See Beck*, 170 F.3d at 1022–23. The same opinion affirmed that the plaintiff could recover just once for these claims, which alleged the same injury. *Id.* at 1024. The court reads *Beck* to reject—at least implicitly—Nutrien's position. That is, Kansas law doesn't foreclose prosecuting a trespass claim and unjust-enrichment claim based on the same facts.

Our Circuit's holding finds good company. Many courts have held that "recovery based on principles of restitution and unjust enrichment is allowed for claims of trespass, at least in some cases." *Raaum Ests. ex rel. Raaum v. Murex Petrol. Corp.*, 2017 WL 2870070, at *20 (D.N.D. July 5, 2017) (compiling cases and concluding that North Dakota would permit "a damage remedy based on principles of restitution . . . for a claim of civil trespass if the only other damage remedy available is an award of nominal damages"); *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1205–06 (Colo. App. 2009) (explaining that "[u]njust enrichment may be appropriate when the defendant's wrongful act" is "a common-law tort, such as . . . trespass to land" (quotation cleaned up)); *see also* Restatement (Third) of Restitution and Unjust Enrichment § 40 (A.L.I. 2011) ("A person who obtains a benefit by an act of trespass or conversion, by comparable interference with other protected interests in tangible property, or in consequence of such an act by another, is liable in restitution to the victim of the wrong.").

Resisting this outcome, Nutrien leans heavily on a case from the New York Court of Appeals, which held that an unjust-enrichment claim duplicates a trespass claim. *See Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). In *Corsello*, the defendant had placed a terminal box on plaintiff's building, and plaintiffs sued for, among other things, unjust enrichment and trespass. *Id.* at 1179–80. A lower court had concluded that the trespass and unjust-enrichment claims were different because trespass "is based on an unjustified entry onto the property, whereas the unjust enrichment cause of action can be based on either a justified or unjustified entry." *Corsello v. Verizon N.Y., Inc.*, 77 A.D.3d 344, 370 (NY App. Div. 2010), *rev'd*, 967 N.E.2d 1177 (N.Y. 2012). New York's high court reversed. Central to this conclusion was the premise that if plaintiffs' trespass claim was "defective, an unjust enrichment claim cannot remedy the defects." *Corsello*, 967 N.E.2d at 1185. But New York's high court never explained why the lower court's logic, which seems persuasive, was faulty. In the face of our Circuit's implicit treatment of the issue and the more persuasive cases departing company from the New York Court of Appeals, the court declines to adopt *Corsello*'s holding.[3]

In sum, the court rejects Nutrien's position that, when they rest on similar facts, an unjust-enrichment claim necessarily duplicates a trespass claim. The Federal Rules expressly permit alternative pleading. And it's not hard to envision a scenario where KHH could prosecute an unjust-enrichment claim even though its trespass claim fails. What's more, both our Circuit and the weight of authority appear to agree that the availability of a trespass claim doesn't

---

[3] Nutrien suggests that our court has endorsed *Corsello*'s holding that unjust-enrichment claims might duplicate tort claims. Doc. 47 at 5 (citing *Swimwear Sol.*, 309 F. Supp. 3d at 1038–39, 1037 n.83). Not so. True, *Swimwear Solution* cited *Corsello* to support the proposition that, under New York law, unjust-enrichment claims aren't available when a contract governs the parties' dispute. 309 F. Supp. 3d at 1037 n.83. But that case never considered whether, under Kansas law, the same logic extends to tort claims.

foreclose an unjust-enrichment claim as a matter of law. The court thus declines to dismiss KHH's unjust-enrichment claim—at least at this case's infancy.

## IV. Conclusion

For the reasons explained above, the court denies Nutrien's Partial Motion to Dismiss (Doc. 34) KHH's unjust-enrichment claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Nutrien Ag Solutions, Inc.'s Partial Motion to Dismiss (Doc. 34) is denied.

**IT IS SO ORDERED.**

**Dated this 11th day of August, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**